UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIJEAN VAN SYCKLE,

      Plaintiff,

v.                                             CASE NO.:

ALVIN NIENHUIS, as SHERIFF of
HERNANDO COUNTY, FLORIDA,

      Defendant.

_____/

**COMPLAINT AND JURY TRIAL DEMAND**

      Plaintiff, MARIJEAN VAN SYCKLE ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, ALVIN NIENHUIS, as SHERIFF of HERNANDO COUNTY, FLORIDA, ("Defendant"), and alleges as follows:

      1.      This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)-2(a), as amended ("Title VII").

**JURISDICTION, PARTIES AND VENUE**

      2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

      3.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because it is where the events giving rise to this complaint of occurred.

      4.      At all times material, Plaintiff was a resident of Hernando County Florida.

      5.      At all times relevant Defendant, Alvin Nienhuis, serving in his official capacity as Sheriff of Hernando County, Florida was/is responsible for the personnel policies and practices of the local law enforcement agency, the Hernando County Sheriff's Office ("HCSO"), and he exercises the requisite control over those policies and procedures as the agency head. The Hernando County Sheriff's Office is the primary law enforcement agency serving Hernando

County, Florida. It is a government agency and a Florida non-profit corporation with its principal place of business located at 18900 Cortez Blvd., Brooksville, Florida 34601.

6.      Defendant employs more than 500 employees and is an "employer" within the meaning of Title VII.

7.      Plaintiff was an "employee" of Defendant within the meaning Title VII.  She is a member of a protected class for purposes of Title VII.

8.      On or about February 1, 2018, Plaintiff timely filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A.

9.      Plaintiff files this action within 90 days of the EEOC issuing a Dismissal and Notice of Rights/Notice of Suit Rights issued on August 12, 2020 (attached hereto as Exhibit B).

10.      Plaintiff has exhausted all of her administrative remedies and has met all conditions precedent to filing this lawsuit.

## **GENERAL ALLEGATIONS**

11.      Defendant engaged in gender/sex discrimination and retaliation in violation of Title VII.

12.      Plaintiff was hired by Defendant on or about January 1, 2007 as a deputy sheriff.

13.      Plaintiff's position of deputy sheriff is subordinate in rank to the position of Sergeant.

14.      The rank of Sergeant carries more prestige, respect, command, power, influence, and more responsibilities and is higher in the chain of command than Plaintiff's position of Deputy Sheriff.

15.      Sergeants earn more money than Deputy Sheriffs.

2

17.     From April 3, 2017 through April 5, 2017 Defendant conducted a series of promotional examinations for the purpose of selecting the most qualified candidates for the position of Sergeant.  Seventeen candidates, including Plaintiff, took the Sergeant's exam.  At the time Plaintiff took the sergeant's exam she had ten years of experience as a patrol deputy.

18.     Each candidate was tested in 12 separate categories that measured their problem-solving ability, fact finding, decision making skills and the ability to develop and implement plans of action among other items. Of the 17 candidates who took the exam, Plaintiff earned the second-best score.  In fact, Plaintiff scored only 0.9 percentage points behind the top ranked candidate.

19.     A list of candidates eligible to be promoted to sergeant was established based, in part, on the aforementioned test scores. The candidate who scored the best was the first to be promoted to sergeant when such a vacancy occurred.

20.     On or about April 10, 2017, Defendant Nienhuis, published an Interoffice Memorandum in which he established the candidates to be promoted to sergeant for the intervening two years.  Each candidate was ranked based on their test score.

21.     Plaintiff was the second highest ranking candidate on the list.

22.     Plaintiff was second in rank to be promoted in the event of a sergeant's vacancy.

23.     According to the memo "The list will be valid through April 6, 2019, or until exhausted."

24.     When it was time for Plaintiff to be promoted as the next highest ranking candidate on the list; Defendant declined to hire her.

25.     Defendant did not promote Plaintiff to Sergeant during the time period she was ranked second on the list.

26.     Defendant did not promote the most qualified candidate to the rank of Sergeant during the time Plaintiff was ranked second on this list despite the availability of the position.

27.     Defendant did not promote Plaintiff to the position of Sergeant during the time Plaintiff was ranked second on the list because she is a woman.

28.     Defendant engaged in gender discrimination by denying Plaintiff the position of Sergeant or refusing to promote Plaintiff to the position of Sergeant despite Plaintiff being qualified for the position, and instead promoting lesser qualified male candidates in violation of Title VII.

### Defendant's Refusal to Promote Plaintiff

29.     After the list of candidates was established on or about April 10, 2017 the first opportunity to fill a vacant sergeant's position occurred in approximately July 2017.  As he was the top candidate, William R. Leggett was promoted to sergeant.

30.     A second sergeant's vacancy occurred in approximately October 2017.

31.     At the time, Plaintiff was the top ranked candidate for promotion.

32.     Had the Defendant promoted the top ranked candidate on the list, Defendant would have promoted Plaintiff to sergeant.

33.     Had Defendant promoted the most qualified candidate based on previous practice of promoting the top ranked candidate on the list, Defendant would have promoted Plaintiff.

34.     Defendant did not follow its previous decision, practice, policy, declarations, and promises to promote the top ranked candidate on the list.

35.     Defendant did not promote to Sergeant the highest ranked candidate on the list in October 2017.

36.     Defendant promoted male deputy, William Cooper to Sergeant.

37.     At the time of his promotion, William Cooper was ranked below Plaintiff on the candidate rankings list.

38.     Defendant promoted a lesser qualified male deputy to Sergeant over Plaintiff.

39.    Cooper scored 1.2 points lower than Plaintiff on the sergeant's exam.

40.    In some areas tested by Defendant, Plaintiff doubled Cooper's test scores, specifically, in the area of decision making.

41.    Cooper also had less traffic stops than Plaintiff during the year of 2017.

42.    In July 2017, approximately three months after achieving the second-best score on the sergeant's exam Plaintiff received her annual job evaluation.

43.    Plaintiff reviewed her evaluation and discovered errors regarding the number of traffic stops Defendant credited her during the evaluation period.

44.    Plaintiff conducted more traffic stops than Defendant gave her credit.

45.    Plaintiff challenged the erroneous traffic stop numbers attributed to her.

46.    Plaintiff complained that traffic stop numbers were not used to evaluate male deputies in the same manner they were used to evaluate Plaintiff.

47.    Plaintiff objected to the manner and methods in which they were calculated, and on August 5, 2017, Plaintiff formally appealed the discrepancies in the data used against her.

48.    As part of the appeal process, Plaintiff met with Patrol Captain Harold Hutchinson. Ms. Van Syckle objected to the methods and manner in which traffic stops were being calculated for her versus male deputies.

49.    Plaintiff provided a statistical breakdown of the unfair manner in which traffic stops were being calculated for her and used against her in her performance evaluations.

50.    In October 2017, after raising her objection to the method by which Plaintiff was being evaluated for traffic stops Defendant promoted the lesser qualified candidate to Sergeant, William Cooper.

51.    Defendant's reliance on Plaintiff's traffic stops in her evaluation was pretext for denying her promotion.

52.   In approximately January 2018, another sergeant's vacancy occurred.

53.   In January 2018, Defendant disciplined Plaintiff for taking a meal break during "peak time."

54.   Defendant had no rule, regulation or general order that defined "peak time."

55.   Defendant had not implemented, penalized, or similarly disciplined a male deputy in the same manner for which Plaintiff was disciplined.

56.   On January 21, just ten days after Defendant disciplined Plaintiff for a false reason, Defendant promoted Brandon Cox to Sergeant.

57.   As he did the previous October, Defendant failed, refused, and/or denied Plaintiff's promotion to the open sergeant's position.

58.   Defendant promoted a male deputy for the vacant position instead of Plaintiff.

59.   Deputy Cox was lesser qualified to become sergeant than Plaintiff.

60.   Deputy Cox scored lower on the Sergeant's exam than Plaintiff.

61.   Deputy Cox's sergeant exam scores were lower than Deputy Cooper's scores.

62.   Cox scored four full points lower on the sergeant's exam than Plaintiff.

63.   Deputy Cox had less experience training or supervising other deputies than Plaintiff at the time of his promotion.

63.   On February 1, 2018 Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

64.   On or about February 2018, another sergeant's vacancy occurred.  Defendant selected a lesser qualified male candidate for promotion.

65.   On February 13, 2018, male Deputy Louis Genovese, was promoted to the rank of Sergeant.

66.     As with the previous promotions list in October 2017, and January 2018, Plaintiff was the top ranked candidate.

67.     At the time of his promotion to Sergeant, Deputy Louis Genovese was ranked lower on the rankings list than Plaintiff.

68.     At the time of his promotion, Genovese was a defendant in a federal civil rights lawsuit.  He was accused of using excessive force (Case No.:8:13-cv-3210).  The matter had not been resolved at the time of his promotion.

69.      Genovese had a history of discipline prior to his promotion.

70.      In approximately April 2018, there were two vacancies for the position of sergeant. As with the other promotional situations, Plaintiff was the most qualified candidate.

71.     Defendant again selected two lesser qualified male candidates, Steven Johnson who scored a full 10.2 points lower than the Plaintiff on the sergeant's exam and Gary Russell, who scored 12.9 points lower than the Plaintiff on the sergeant's exam.

72.     Russell's performance was also lower than Plaintiff's in 11 of the 12 categories scored on the exam.

73.     As a deputy, Russel was removed from the property crimes division for performance reasons.

74.     Three other similarly situated but lesser qualified male deputies were promoted to sergeant during the two-year period during which Plaintiff was the second or highest ranking sergeant's candidate.

75.     Male deputy Michael O'Brien, male deputy Dustin Adkins and male deputy Matthew Spooner all achieved lower sergeant's exam scores than Plaintiff; yet were promoted over her.

76.     Defendant denied Plaintiff's promotion approximately eight times since Defendant established the list of the top candidates to be promoted to sergeant in favor of male deputies.

77.     Additionally, Defendant treated Plaintiff differently than other similarly situated male deputies.

78.     As indicated above, Defendant counted, and calculated traffic stops for male deputies differently than for Plaintiff.

79.     Defendant also penalized Plaintiff for a "meal break" that was a non-existance policy.

80.     Defendant's management actively monitored the GPS device on Plaintiff's patrol vehicle.

81.     Defendant targeted Ms. Van Syckle with additional scrutiny, specifically Defendant began to select calls to which she had been assigned for follow up Citizen Surveys.

82.     On February 13, 2018, just 12 days after filing her Charge of Discrimination, Defendant initiated a Citizen Survey to inquire about a call to which she responded on Lambert Avenue in Spring Hill. The citizen responded that Plaintiff was professional and "a credit to her department."

83.     The targeting continued with another so-called random Citizen Survey nine days later.  On February 22, 2018, Defendant initiated a survey call on Pullman Drive, Spring Hill, again showing Plaintiff did a good job and Plaintiff was ranked excellent.

84.     These random surveys continued: On May 7, 2018 Plaintiff was again scrutinized with another "random" Citizen Survey regarding a call to which she responded on Sugarfoot Drive, Spring Hill.  Again, Plaintiff achieved positive reviews, the citizen was "very satisfied."

85.     During the EEOC investigative process, Plaintiff informed the EEOC she was targeted by Defendant. Plaintiff identified the unfair criteria used against her in determining her

traffic stops versus other deputies. Plaintiff reported to the EEOC that Plaintiff informed her supervisors of unequal treatment, and different standards used for her in comparison to other deputies concerning traffic stops. Approximately 10 days after Plaintiff challenged Defendant's Position Statement, Defendant issued a written reprimand that accused Plaintiff of unsatisfactory work performance as it related to the number of her traffic stops.  In so doing Defendant, again, violated its own policy, the same policy it violated in July 2017 citing Plaintiff's lack of productivity regarding traffic stops.

86.     Defendant's General Order 4100.00 Section IV(a) specifically directs that "Supervisors should emphasize the quality of traffic stops not the quantity."  Defendant disciplined Plaintiff again for the number of traffic stops performed.

87.     Traffic stop performance is not to be determined by the number of stops conducted by an officer.

88.     Defendant continued to use criteria that was inconsistent with its policies to discipline and retaliate against Plaintiff for protected activity.

## COUNT I

### Gender/Sex Discrimination in Violation of Title VII

89.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 88 as though fully set forth herein.

90.      Defendant's conduct as herein alleged violated Title VII, which prohibits discrimination on the basis of gender/sex.

91.     Defendant committed multiple acts of gender/sex discrimination against Plaintiff that included failure to promote her in favor of lesser qualified male candidates on multiple occasions.

92.     The HCSO has repeatedly discriminated against Plaintiff by denying her equal

enjoyment of all benefits, privileges, terms and conditions of her employment, and treating her differently than similarly situated non-female deputies.

93.     The foregoing actions of Defendant constitute discrimination against Plaintiff based upon her sex/gender. Plaintiff was subjected to disparate treatment based on her sex/gender.

94.     Similarly situated male employees were treated more favorably due to their sex/gender.

95.     Defendant's actions were willful and done with malice.

96.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

## COUNT II

### Retaliation in Violation of Title VII

97.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 88 as though fully set forth herein.

98.     Plaintiff engaged in protected activity by challenging the reasons she was disciplined, marked down, evaluated and denied promotion based on her gender.

99.     Defendant retaliated against the Plaintiff in the form of disciplining, penalizing, writing up, refusing to promote, and reprimanding Plaintiff based on criteria not similarly applied to male deputies, and for violations of non-existent policy as a pretext for unlawful employment actions.

100.     Defendant's retaliation subjected her to adverse employment actions, and employment conditions different from similarly situated non-female deputies.

101.     Defendant's actions were willful and done with malice.

102.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court;

1.      Enter a declaratory judgment that the practices complained on in this complaint are unlawful and violate Title VII;

2.      Grant all injunctive relief necessary to bring Defendant into compliance with Title VII;

3.      Order the Defendant to pay wages, salary, employment benefits, back pay, and front pay and other compensation denied or lost to Plaintiff by reason of the Defendant's unlawful actions, in amounts to be proven at trial;

4.      Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in the amount to be provide at trial;

5.      Order Defendant to pay attorneys' fees and costs of the action; and

6.      Grant any further relief the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury as to all issues.

> Respectfully submitted,
> **WHITTEL & MELTON, LLC**
> /s/ William J. Sheslow
> William J. Sheslow, Esq.
> Florida Bar No.: 92042
> 11020 Northcliffe Boulevard
> Spring Hill, Florida 34608
> Telephone: (352)683-2016
> Facsimile: (352) 600-7533
> will@theFLlawfirm.com
> pls@theFLlawfirm.com
> jwalsh@theFLlawfirm.com
> pleadings@theFLlawfirm.com
> *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this  2nd day of November 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to all counsel of record.

*/s/ William Sheslow*
William J. Sheslow, Esq.